## (October 10, 1980)

■ In the Matter of ROBERT M. MORGENTHAU, Petitioner, v ROBERT HAFT et al., Respondents.—Application under CPLR article 78 for a writ addressed to Justice of the Supreme Court prohibiting him from fixing bail for one William Phillips and rendering null and void the order of that court, made on or about September 29, 1980, purporting to fix bail, granted, without costs or disbursements. On November 1, 1974, Phillips was convicted in Supreme Court, New York County, after jury trial, of homicide, and sentenced on January 28, 1975 to a term of 25 years to life. Prior to sentence, he had moved to set aside the verdict, claiming he had not received a fair trial, the ground assigned being that a juror had, during the trial, applied to the District Attorney for employment. The motion was denied after hearing (87 Misc 2d 613). On the same ground, he exhausted the State appellate process without success, and then applied, citing the same reason, to United States District Court for habeas corpus. On March 13, 1980, the habeas court, on the ground assigned, granted a conditional order which provided that he would be released unless brought to trial anew within 90 days. The District Attorney appealed. Phillips sought bail without success, both from the District Court and the Second Circuit Court of Appeals. The District Court modified its earlier order by staying its operation until 60 days post "determination" of the appeal taken by the District Attorney. On September 26, 1980, a divided Court of Appeals affirmed. As of this writing, less than 21 days later (Federal Rules of Appellate Procedure, US Code, tit 28, Appendix, rule 41), a mandate implementing the judgment has not issued, nor has the Circuit Court shortened the time for its issuance. Three days after that judgment was rendered, a Justice of Supreme Court, New York County, respondent here, fixed bail for Phillips, rejecting the District Attorney's argument that he was without jurisdiction so to do. Operation of that order has been stayed *ad interim* by a Justice of this court. In our view, resolution of the question of Supreme Court's jurisdiction in the premises must await resolution of the question of legal significance of the mandate. Phillips' counsel argues that the legal consequence of the judgment of the Court of Appeals is to trigger transfer of the case back to Supreme Court forthwith, conferring complete pretrial jurisdiction on that court. We do not agree. The outstanding order of the District Court fixed a future date for Phillips' release upon a certain condition, and that date has not yet arrived. Nor will it arrive until the time period fixed in that order starts running upon issuance of the mandate, 21 days after judgment (Federal Rules of Appellate Procedure, rule 41, subd [a]), and is completed 60 days later. The judgment did not order issuance of the mandate earlier than 21 days thereafter, as might have been done under the rule. The District Attorney has stated that he will apply timely for rehearing (rule 40), which might further delay issuance of the mandate. Phillips argues that, because the judgment starts periods of time running during which certain appellate procedures may be availed of, it has the same force as does the mandate in terminating matters in the Court of Appeals. Not so. "The effect of the mandate is to bring the proceedings in a case on appeal in our Court [the Court of Appeals] to a close and to remove it from the jurisdic-

tion of this Court" *(Ostrer v United States,* 584 F2d 594, 598). This is clear and to the point. The case is still in the Federal system, and not in Supreme Court, New York County. Respondent Justice acted in excess of his authority, and his order must be vacated. Concur—Sullivan, Markewich and Yesawich, JJ.

Silverman, J., concurs in a memorandum as follows: I agree that at least until the issuance of the mandate by the United States Court of Appeals, the proceedings in the Federal court are still pending. But there is still the judgment of the District Court granting habeas corpus relief. So far as I can see, that judgment has not been stayed, is in full force and effect, and (after appropriate procedures in the State court) forms an adequate basis for vacating the State court judgment of conviction and proceeding to a retrial of defendant. Although the judgment of the District Court is in terms a conditional grant of habeas corpus unless retrial commences within 60 days of the date of the determination of defendant's appeal in the Federal court, all that is conditional is the direction for a release. But the direction that the defendant either be released or retried is unconditional. And the 60-day period fixed by the District Court only fixes the outside limit of time when the defendant must be released; it is not a direction that there can be no retrial before the determination of defendant's appeal. However, consideration of the nature of Federal habeas corpus relief persuades me that at this point the State court conviction has not yet been vacated, and that accordingly, the State court is without power to grant bail to the defendant who has been convicted of an A felony and is serving his sentence thereunder (see CPL 530.40, subd 3; cf. CPL 430.10). In *Mizell v Attorney Gen.* (586 Fed 942, cert den 440 US 967), the District Court had granted habeas corpus with respect to a State court conviction on the ground that the defendant had been subjected to double jeopardy. The Second Circuit Court of Appeals agreed that there had indeed been a violation of defendant's constitutional protection against double jeopardy. However, it appeared that before the entry of the District Court's judgment, the defendant's sentence had expired and that he had been released. The Court of Appeals said that as the grant of judgment in habeas corpus was merely a direction for release, that portion of the case was moot. And, therefore, the Court of Appeals vacated the District Court's judgment but remanded the case to the District Court for possible other relief such as a declaration that the conviction was void, and a direction to the Attorney-General to apply in the New York courts for a vacatur of the conviction. The Court of Appeals said (p 947): "The award of relief [by the District Court] was as follows: 'The petition for a writ of habeas corpus is granted.' The award of relief was somewhat inexact since the writ of habeas corpus, historically and under the statute (28 U.S.C. § 2243), is simply a means of securing the petitioner's body for a hearing. After the hearing, if detention is found to be unlawful, the relief awarded is an order that petitioner be released. * * * The granting of the writ by the district court in the case at bar can only be interpreted as an order that Mizell be released. 'As a sort of shorthand, lawyers and judges frequently use the expression "granting the writ" as if it were equivalent to granting the relief requested.' * * * Mizell in his petition had asked for release from custody, and nothing more." The Court of Appeals pointed out, however, that relief other than relief from physical custody could be granted and went on to say (p 948): "Mizell may wish to ask for such other relief. * * * The judgment below must be vacated so that Mizell may apply for such other relief. We leave it to the district court to determine what relief should be granted. We note the possibility of a declaration that the * * * conviction

is void and of an order to the respondent Attorney General to apply in the New York courts for a vacatur of the conviction and for an order expunging it and all references to it from the records." Applying the rationale of that decision to this case, the judgment of the District Court granting habeas corpus is merely an order conditionally directing that the defendant be released if he is not retried within the period set. It is not in and of itself a declaration that the State court conviction is void. Apparently, under the *Mizell* case, the District Court can so declare, and so I suppose can the State court. But neither one has so declared and until that happens, I agree that the judgment of conviction still stands. (I do not think the determination of the Supreme Court Justice to grant bail in this case can be deemed the equivalent of a vacatur of the conviction. So far as appears, there was no express declaration or application to that effect. And if such an application were directly made, the Supreme Court, in the exercise of its discretion, might deem it appropriate to await the determination of all Federal court proceedings.) This view does not leave the defendant in some limbo where, although the Federal court has determined that his rights have been violated, he is still unable to obtain bail, for the defendant has the right to apply to the Federal court for release at this time (Federal Rules App Pro, US Code, tit 28, Appendix, rule 23). And this view also minimizes the possibility of friction between Federal and State courts, with different courts making perhaps different determinations on bail. I think it is desirable that so far as possible, at any one time, there should be only one court or court system charged with the determination of bail questions.